UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK LAND,<br><br>   Plaintiff<br><br>v.<br><br>ALLIED COLLECTION SERVICES, INC., et al.,<br><br>   Defendants | Case No.: 2:22-cv-01641-APG-EJY<br><br>**Order Denying Motions for Summary Judgment**<br><br>[ECF Nos. 42, 43] |

Plaintiff Derek Land sues defendant Allied Collection Services, Inc. under the Fair Credit Reporting Act (FCRA) for allegedly failing to conduct a reasonable investigation after he disputed that he owed unpaid rent to an apartment complex where he had been living. Land contends that Allied violated 15 U.S.C. § 1681s-2(b) by conducting an inadequate investigation and by deciding not to delete or modify the information that it furnished to the credit reporting agencies (CRAs).[1]

Land moves for summary judgment on the issue of liability, arguing that Allied admits it did not investigate the accuracy of its reporting after receiving his formal disputes. Land contends that Allied cannot rely on the investigation it conducted before the formal disputes when Land directly disputed the charges with Allied. He also asserts that, in any event, that investigation was inadequate. Allied also moves for summary judgment, arguing that it reasonably investigated by contacting the apartment complex manager, who verified the debt. Allied asserts that it need not reinvestigate upon receiving a formal dispute where it had just investigated Land's direct dispute and there was no indication that anything had changed.

---

[1] Land also sued the CRAs, but he settled with those defendants. *See* ECF Nos. 16; 23; 31.

Additionally, Allied argues that the one satisfaction rule bars any further recovery because Land cannot distinguish his injuries as between the CRAs and Allied, and he has settled with the CRA defendants. Land responds that the one satisfaction rule does not apply to FCRA claims, and even if it does, it is premature to decide that his injury has been fully satisfied.

"The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015). No circuit court has decided whether the rule applies in FCRA cases. *See Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 501 n.2 (4th Cir. 2007) (stating that "[a]rguably, the 'one satisfaction rule' does not even apply to FCRA claims," but declining to decide the question). District courts are split on the issue. *See, e.g.*, *Hoerchler v. Equifax Info. Servs., LLC*, 568 F. Supp. 3d 931, 936-37 (N.D. Ill. 2021) (citing cases reaching different conclusions).

I need not decide at this stage whether the one satisfaction rule applies to FCRA claims because the amount of Land's alleged damages, including emotional distress damages,[2] has not been determined. Consequently, there is no basis to determine whether his settlements with the CRAs fully satisfied his injuries. *See Milicevich v. Sacramento Med. Ctr.*, 202 Cal. Rptr. 484, 487 (Cal. Ct. App. 1984) ("Whether there is in fact a double recovery cannot be determined unless the damages which measure the full recovery for the injury have been litigated on their merits." (emphasis omitted)). I therefore deny Allied's motion on this basis, without prejudice to reassert the issue once Land's damages have been determined. *See BUC Int'l Corp. v. Int'l Yacht*

---

[2] Emotional distress damages are recoverable under the FCRA. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

*Council Ltd.*, 517 F.3d 1271, 1274-75 (11th Cir. 2008) (stating "that motions seeking credit for settlement amounts obtained against joint tortfeasors are appropriately brought under Rule 60(b)(5)"); *Cheetham v. Specialized Loan Servicing LLC*, No. 2:20-CV-762-JCC-DWC, 2021 WL 2137823, at *2 (W.D. Wash. May 26, 2021) (stating that "even if the 'one satisfaction rule' does apply [to a FCRA claim], offset issues can be resolved post-trial").

As for the merits, summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I deny the parties' motions for summary judgment because, viewing the evidence in the light most favorable to the nonmoving party on each motion, genuine disputes remain regarding the accuracy of the reported information and the reasonableness of Allied's investigation. *See Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1252-53 (9th Cir. 2022) (stating that reasonableness "is normally inappropriate for resolution at the summary judgment stage" and ordinarily "is best left to the factfinder").

I THEREFORE ORDER that plaintiff Derek Land's motion for summary judgment **(ECF No. 42) is DENIED**.

I FURTHER ORDER that defendant Allied Collection Services, Inc.'s motion for summary judgment **(ECF No. 43) is DENIED**.

DATED this 12th day of January, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE