UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DEREK LAND, | Case No.: 2:22-cv-01641-APG-EJY |
| Plaintiff, | |
| v. | ORDER |
| ALLIED COLLECTION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION LLC, | |
| Defendants. | |

This matter comes before the Court following settlement of the dispute between Plaintiff Derek Land ("Plaintiff") and Defendant Allied Collection Services, Inc. ("Allied" or "Defendant"). Plaintiff's claim for attorney's fees arises under the Fair Credit Reporting Act (the "FCRA") statute awarding such fees to a prevailing party. 15 U.S.C. § 1681o(2).

By way of background, succinctly provided by Defendant, Plaintiff initially brought suit against all defendants identified in the above caption; however, Experian and Transunion settled without filing answers. Equifax filed an answer, but settled the case not long thereafter. Litigation only occurred in earnest between Plaintiff and Allied. The discovery conducted included 18 Interrogatories and 19 Requests for Production propounded by Plaintiff, and 14 Requests for Admission and 15 Requests for Production propounded by Allied. The parties also took three depositions lasting collectively 13 hours. Motions for summary judgment were filed, but were denied to both parties. A joint pretrial order ("JPTO") was prepared, and ordinary conferences occurred surrounding discovery and the JPTO.

The Court employs the lodestar method as its starting point to determine a reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The Court calculates an award by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* A request for attorney's fees must also satisfy Local Rule 54-14

requiring an application for fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and a "brief summary" regarding twelve categories of information designed to elicit information about the case and the work the attorneys performed. L.R. 54-14(a)–(b). The twelve categories the Court is empowered to review include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

Here, Plaintiff offers the following information:

<u>Tarek Chami</u>: Mr. Chami was first licensed as an attorney in 2012. In 2018, he acted as of-counsel to Price Law Group, APC, a national consumer advocacy law firm. He joined Consumer Attorneys, PLC, as a Senior Associate in 2023. Mr. Chami served as attorney of record, lead attorney, or supervising attorney in more than 150 consumer cases since 2018 in various districts and appellate courts around the country. Mr. Chami's practice focuses on the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act (as well as other laws he does not identify).

<u>Michael Yancey III</u>: Mr. Yancey was first licensed as an attorney in 2021. He is admitted to practice in various states and currently manages the legal drafting and law clerk departments at Consumer Attorneys. Mr. Yancey was a law clerk at Price Law Group, APC, until moving to Consumer Attorneys in January 2023.

Plaintiff asserts Mr. Chami billed 247.7 hours with 10.1 hours billed at $450 per hour in 2022; 162 hours at $500 an hour in 2023; and 74.2 hours at $550 per hour in 2024. Mr. Yancey billed 0.1 hours at $350 an hour in 2022; 66.5 hours at $400 an hour in 2023; and .4 hours at $450 an hour in 2024. Unidentified paralegals—those for whom no information regarding background or experience is provided—are stated to have billed 21.6 hours at a rate of $135 per hour. Plaintiff is alleged to have incurred costs of $3,507.47.

Looking first at the hourly rates, the Court finds this case not so extraordinary to be considered novel or difficult. Given counsel's experience with consumer related legal claims, they undoubtedly did not need to conduct a great deal of research to be successful in their representation;

however, they would have brought this knowledge to bear on this case. There is no evidence that suggests this case prevented Plaintiff's counsel was precluded from taking on other matters. The Court notes this matter was handled on a contingency fee basis. Hence, Plaintiff's counsel received funds through the settlement. The remainder of the factors the Court may consider did not play a significant role in its assessment of the fee award requested with the exception of the fact that Mr. Chami was not admitted to practice in Nevada until February 28, 2023. ECF No. 34.

In *Foley v. Valdes*, Case No. 2:17-cv-02783-GMN-NJK , 2020 WL 109792, at *4 (D. Nev. January 8,2020) the District of Nevada recently stated:

> The rate asserted for [Steven] Peek[, a partner at Holland & Hart billed a rate at $645 an hour,] well above what this Court typically awards for partners of his experience. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding that $375–$400 is the reasonable hourly rate for a partner with over 35 years of experience in Las Vegas). "For the Las Vegas market, this Court has regularly awarded fees where the hourly rate at issue were $400 or less." *See Int'l Inst. of Mgmt. v. Org for Econ. Cooperative & Dev.*, No. 2:18-cv-01748-JCM-GWF, 2019 WL 5578485, at *6, 2019 U.S. Dist. LEXIS 18907, at *6-*7 (D. Nev. Oct. 29, 2019); *see also Gonzalez-Rodriguez v. Mariana's Enterps.*, No. 2:15-cv-00152-JCM-PAL, 2016 WL 3869870, at *9, 2016 U.S. Dist. LEXIS 92198, at *27 ("hourly rates of $450 and $650 per hour are well over the range of hourly rates approved in this district."). The rate requested for [Rachel] Wise[, a senior associate billed a rate at $329.22,] is likewise excessive, as courts in this District generally award rates of $250 per hour for experienced associates. *Banerjee v. Cont'l Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 WL 4469006, at *3, 2018 U.S. Dist. LEXIS 158687, at *6–*7 (D. Nev. Sept. 17, 2018).

Here, as in *Foley*, the Court finds the rates charged in excess of what is typically awarded in Las Vegas, especially given the length of time Messrs. Chami and Yancey have been practicing, the non-complexity of this case, and the outcome achieved. The Court finds a $400 hourly rate for Mr. Chami, an eleven year practitioner at the time the majority of work was done, to be reasonable based on the above. The Court finds a $300 hourly rate for Mr. Yancey reasonable.

The Court next examined ECF No. 72-4 regarding the hours billed. The Court read every entry made. As stated above, no information is provided regarding the paralegals, which leads the Court to deny reimbursement for their time. Time billed for referral of this matter, research regarding affirmative defenses to a claim which falls within the expertise of counsel who is exclusively dedicated to consumer protection law, review of the order granting the parties' scheduling order, reduction in time entries not apportioned to Plaintiff's case against Allied, and time billed for

3

unsuccessful affirmative motion practice has been removed.  The Court also reduced time billed it found excessive.  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 921, 942 (9th Cir. 2007).  In total, the Court reduces the time Mr. Chami billed by 65.  This reduction, at the rates billed (not applied to the award), equals $35,605.  The Court further reduces Mr. Chami's time by 10.2 hours consistent with activity that would effectively be the practice of law in Nevada before *pro hac vice* admission.  At the proper rates, this equals $6,920.00.  The Court reduces Mr. Yancey's time by 17.3 hours.  This amount equals a reduction of $5,320.00.  When these amount are added to the total billed by paralegals, the reduction of amounts billed comes to $50,761.00.  When subtracted from the total amount billed, and multiplying the remaining hours at the rates the Court approved, attorney's fees for Mr. Chami equal $38,800, and for Mr. Yancey equal $14,910 or a total of $53,710 in fees incurred and allowed by the Court.

With respect to costs, in the context of federal litigation, the term "costs" most commonly refers to taxable costs as defined under 28 U.S.C. § 1920 (and, where applicable, § 1821).  *Rimini St., Inc., v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019) (referring to §§ 1821 and 1920 as the "general 'costs' statute" and explaining that these sections "in essence define what the term 'costs' encompasses" in federal statutes providing for an award of costs).  The Court therefore reduces the request by $764.97 representing costs incurred relating to settlement leaving a total of $2,742.50.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Award of Attorneys' Fees and Costs (ECF No. 72) is GRANTED as follows:

1.	Plaintiff is awarded attorney's fees in the amount of $53,710.00.

2.	Plaintiff is awarded costs in the amount of $2,742.50.

IT IS FURTHER ORDERED that Defendant Allied Collection Services must pay these amounts to Plaintiff, through counsel, no later than twenty-one (21) days after the date of this Order.

Dated this 10th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE